# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.               Civ. No. 17-1105 JCH

TYRONE CORIZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendant's Motion to Compel Polygraph Data* [Doc. 21]. After reviewing the Government's response [Doc. 23] and Defendant's reply [Doc. 24], as we well as the relevant legal authorities, the Court concludes that the motion should be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

In April of 2017, a grand jury indicted Defendant Tyrone Coriz ("Coriz") on one count of attempting to engage in a sexual act with a minor by using force sometime late in 2015. On May 24, 2016, Coriz underwent a polygraph test by FBI Special Agent Jennifer Sullivan ("SA Sullivan"). SA Sullivan informed Coriz that he had failed the polygraph test. Then, SA Sullivan interrogated Coriz, and during that interrogation he made several admissions and incriminating statements. SA Sullivan made audio and video recordings of the interrogation, but not of the polygraph test itself. However, she did capture the electronic data generated during the polygraph.

On May 10, 2017, Coriz was arraigned. After the initial production of discovery by the Government, on July 28, 2017, Coriz requested copies of "all polygraph data in native format, as

recorded by Special Agent Sullivan during the polygraph" and "all polygraph examination worksheets."[1] Coriz argues that the requested materials are relevant to the question of whether his post-polygraph statements were the result of coercion. The Government, while agreeing to produce the polygraph data for inspection by defense counsel and her polygraph expert at the FBI's Albuquerque office (and consequently appearing to acknowledge that the requested information is subject to discovery), responded that Coriz may not make copies of the polygraph materials because the information is "proprietary." Coriz states that his expert(s) reside out of state, and that "to require them to travel to New Mexico simply to view reproducible information while in the presence of a government agent is unduly burdensome, expensive, and inefficient." Doc. 21 at 3. Further, Coriz argues that under the discovery rules, he is entitled to make copies of discoverable information.

## **LEGAL STANDARD**

Rule 16 sets forth the types of information the government must disclose to the defendant upon his request:

> books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

---

[1] The Government contends that the FBI does not use polygraph worksheets, but acknowledges that it has not confirmed that SA Sullivan did not use worksheets. In the event that the worksheets do exist, they are subject to the ruling in this Memorandum Opinion and Order.

2

A defendant must make a prima facie showing of materiality before he is entitled to obtain requested discovery. *See United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the government is in possession of information helpful to the defense." *Id.* The term "defense" means an argument in response to the prosecution's case-in-chief, *i.e.*, an argument that refutes the government's claims that the defendant committed the crime charged. *See United States v. Armstrong*, 517 U.S. 456, 462 (1996). To be material, the evidence must bear some abstract, logical relationship to the issues in the case such that pretrial disclosure would enable the defendant to significantly alter the quantum of proof in his favor. *United States v. Lloyd*, 992 F.2d 348, 350-51 (D.C. Cir. 1993). Establishing prima facie materiality is not a heavy burden; evidence is material when there is a strong indication that it "will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *Id*. at 351 (internal quotations omitted). Nonetheless, the threshold showing of materiality is essential because ordering the government to produce discovery absent such a showing is inconsistent with Rule 16. *Mandel*, 914 F.2d at 1219; *Jordan*, 316 F.3d at 1250 (noting that defendant must make specific request for item, together with explanation as to how it will be helpful to defense). Rule 16(a)(1)(E) applies only where the documents are in the federal government's actual possession, custody, or control. *See United States v. Dominguez-Villa*, 954 F.2d 562, 566 (9th Cir. 1992). A document is within the possession of the government if the prosecutor has knowledge of and access to it, and a "prosecutor will be deemed to have knowledge of and access to anything in the possession, custody or control of any federal agency participating in the same investigation of the defendant." *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir.

1989). State-gathered evidence becomes subject to Rule 16(a)(1)(E) disclosure "when it passes into federal possession." *United States v. Fort*, 472 F.3d 1106, 1118 (9th Cir. 2007).

**DISCUSSION**

The parties agree that the Government should produce the polygraph data to Coriz. Thus, the Court will not delve into the question of whether the polygraph data is material under Rule 16, as the Government appears to have waived the issue. The dispute between the parties, rather, centers on the *manner* in which the Government must produce the polygraph data.[2] The data at issue appears to include worksheets, polygraph charts, type of scoring system, or electronic data. The Government wishes to allow Coriz, his counsel, and his polygraph expert to view these materials at the Albuquerque FBI office and take notes in the presence of an FBI agent, but not make copies. The Government contends that permitting Coriz to have copies "would disclose techniques and procedures for law enforcement investigations or prosecutions" in violation of the Freedom of Information Act ("FOIA"), and that if disclosed, it "could clearly be used by individuals outside the FBI to develop and use polygraph countermeasures which undermine the usefulness of this investigative tool. The FBI policy is that this information is not disclosed." However, the Government's argument is very thin. This is not a civil FOIA request, and FOIA does not govern discovery principles in this criminal case. Rather, those determinations are governed by Rule 16 and court decisions interpreting it. Second, although the Government

---

[2] The Government muddies the waters by both acknowledging that it has offered to produce the polygraph data to Coriz, but then subsequently arguing in its response brief that the data is not material and therefore the Government need not produce it. Doc. 23 at 3-5. This begs the question: why would the Government offer to produce data (and continue to offer to produce it) if that data is not material? Ultimately, the Court need not address the Government's arguments on materiality, because by offering to provide the data, the Government has made those arguments moot. Thus, the Court proceeds to the core issue, which is the proper manner of production.

4

asserts that "FBI policy" prohibits disclosure, the Government has failed to provide the Court with a copy of that policy or the legal basis for it. This is inadequate.

Rule 16(a)(1)(E) requires the government to permit the defense to inspect *and to copy* certain types of evidence "if the evidence is within the government's possession, custody, or control and the item is material to the defense. *See also* Fed. R. Crim. Pro. 16(a)(1)((F) (requiring government to permit inspection and copying of results of "any physical or mental examination and of any scientific test or experiment" that is both material and satisfies other criteria). Here, there is no real dispute about materiality, and the Government has pointed to nothing substantive that would except the polygraph records from the copying requirement of Rule 16. Therefore, Defendant's motion will be granted.

**IT IS THEREFORE ORDERED** that the *Defendant's Motion to Compel Polygraph Data* [Doc. 21]is **GRANTED**.

_____
**UNITED STATES DISTRICT JUDGE**

5