# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-                                                                                         Cr. No. 17-1105 JCH

TYRONE CORIZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion *in Limine* for Pre-Trial Determination of Indian Country Land Status (ECF No. 79). Defendant filed a response opposing the motion. The Court, having considered the motion, response, relevant law, and otherwise being fully advised, will grant the motion for pre-trial determination of Indian Country land status and will hold a hearing on this matter on Tuesday, April 30, 2019.

### I. BACKGROUND

The United States asks the Court to make a pre-trial determination that the land upon which the alleged crime occurred, on the dates listed in the Superseding Indictment, is Indian Country for purposes of federal criminal jurisdiction. Gov.'s Mot. 1, ECF No. 79. The Government asserts that the location of the charged crime occurred at a residence that has been determined using GPS coordinates "to be within the exterior boundaries of the San Felipe Pueblo Indian Reservation, which is held in restricted land status by the United States of America for the Pueblo of San Felipe, a federally-recognized Indian Tribe." *Id.* at 1. The Government argues that, while the question of

whether the offense occurred at the location in the Superseding Indictment is a question for the jury, the question of land status of that location is a jurisdictional, legal question for the Court. In support, the Government attached a Land Status Certificate from the United States Department of the Interior, Bureau of Indian Affairs, as an exhibit (ECF No. 79-1). Although the Government does not believe a hearing is necessary, it is prepared to present evidence at a pre-trial hearing.

Defendant opposes the motion and requests the Court submit the matter of jurisdiction to the jury. Def.'s Resp. 2, ECF No. 100. Defendant argues that a district court is not required to take the approach the Government suggests, although he acknowledges that under Tenth Circuit law "a district court <u>may</u> make a pretrial jurisdictional finding, and leave to the jury the question of whether the alleged events occurred at the alleged location." *Id.* Defendant notes that the Government is seeking a life sentence, and urges it is most appropriate to require the government to prove all essential elements of the charge against him, including that the alleged crime occurred in Indian Country. *Id.*

## II. LEGAL ANALYSIS

The Tenth Circuit in *United States v. Roberts* explained that as "a general matter, the trial court decides the jurisdictional status of a particular property or area and then leaves to the jury the factual determination of whether the alleged crime occurred at the site." 185 F.3d 1125, 1139 (1999). Accordingly, "a trial court also acts appropriately when it makes the jurisdictional ruling a particular tract of land or geographic area is Indian Country, and then instructs the jury to determine whether the alleged offense occurred there." *Id.* The party seeking to invoke the jurisdiction of a federal court must demonstrate by a preponderance of the evidence that the case is within the court's jurisdiction. *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994). The United States then has the burden to prove beyond a reasonable doubt that the alleged crime

occurred on that particular tract of land or geographic area. *See id.* at 1139-40.

The Honorable Martha Vázquez addressed similar arguments in *United States v. Hunter*, No. 11-CR-2015 MV, 2012 WL 13076178 (D.N.M. Aug. 21, 2012), and the Court finds her reasoning persuasive in determining that a pretrial determination of the issue is the preferred course:

> Defendant highlights the fact that the court in *Roberts* did not *require* district courts to determine land status prior to trial. Nothing in *Roberts*, argues Defendant, would prohibit the Court from allowing the question of land status to go to the jury. The Government responds that resolution of this question prior to trial is preferable for a number of reasons. First, the Government argues that charging the jury with resolving this question would waste the jury's time and confuse the issues. The Government further cites a double jeopardy concern: should the jury acquit Defendant solely on grounds that the Government failed to prove land status beyond a reasonable doubt, the verdict would not be appealable. However, a state court would refuse to try Defendant on this offense because it would conclude it had no jurisdiction. Accordingly, if the question of land status routinely went to the jury, any given location could be Indian Country in one trial, and non-Indian Country in another trial.
>
> The Court finds the Government's reasoning, as well as the out-of-circuit case law addressing this question, to be persuasive. In *Roberts*, the court noted that a number of its sister circuits "have had the opportunity to state, in dicta, the trial court should *not* submit to the jury the question of whether a particular tract of land or geographic area is Indian Country." 185 F.3d at 1140. The Second Circuit has explained that "the locus of the crime" is a factual element that must go to the jury, whereas land status is essentially a legal question of "whether the federal government has accepted jurisdiction." *United States v. Hernandez-Fundora*, 58 F.3d 802, 810 (2d Cir. 1995) (quotation omitted). Other courts have gone so far as to find that submission of the question of land status to the jury was error, albeit non-reversible error. In *United States v. Stands*, 105 F.3d 1565, 1575 (8th Cir. 1997), the Eighth Circuit held that "given a particular piece of land, it is for the court, not the jury, to determine whether that land is in Indian country." In *United States v. Levesque*, 681 F.2d 75, 78 (1st Cir. 1982), the First Circuit held that the question of land status is "a jurisdictional fact susceptible of determination without reference to any of the facts involved in determining defendants' guilt or innocence." In *Stands*, cited by the Tenth Circuit in *Roberts*, the Eighth Circuit emphasized the fact that the question of land status "is analytically distinct from [the question of] whether the crime in fact occurred on a particular piece of land or within a particular area. The latter question—the location of the crime—is certainly a factual issue for the jury." 105 F.3d at 1575-76.

3

> ….
>
> The Court finds that a pretrial determination of land status will promote efficiency in this proceeding and will in no way deprive Defendant of his right to a jury trial. If the Court concludes that the area in question is Indian Country, the Government must still prove at trial, beyond a reasonable doubt, that the alleged offense occurred at this location. This satisfies the constitutional requirement that all elements of the offense be submitted to the jury and proven beyond a reasonable doubt. *See In re Winship*, 397 U.S. 358, 364 (1970); *see also* Tenth Circuit Pattern Jury Instruction 2.52 ("You are instructed that the alleged murder occurred within the [territorial] [special maritime] jurisdiction of the United States, if you find beyond a reasonable doubt that such offense occurred in the location described in the indictment.").

*Id.* at *2-3. For the foregoing reasons, the Court will conduct a pretrial hearing on the question of Indian Country land status.

**IT IS THEREFORE ORDERED** that the United States' Motion *in Limine* for Pre-Trial Determination of Indian Country Land Status (**ECF No. 79**) is **GRANTED** and the Court will hold a hearing on this matter **on Tuesday, April 30, 2019 at 1:30 p.m**.

_____
**UNITED STATES DISTRICT JUDGE**