IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

    Plaintiff,

-vs-                                                                                                      Cr. No. 17-1105 JCH

TYRONE CORIZ,

    Defendant.


**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the following motions: (1) the United States' Omnibus Motion in Limine (ECF No. 82); (2) the United States' Motion for a *Lafler-Frye* Hearing (ECF No. 84); (3) Defendant's Omnibus Motions *in Limine* (ECF No. 85); (4) Defendant's Motion *in Limine* to Prohibit Impeachment by Evidence of Criminal Conviction under Rule 609 (ECF No. 86); (5) Defendant's Motion *in Limine* to Exclude 404(b) Prior Bad Acts Evidence and Demand for Notice of Intent under 404(b)(2) (ECF No. 87); and (6) Opposed United States' Motion *in Limine* to Prohibit Discussion of Sentencing or Punishment at Trial (ECF No. 92). The Court, having considered the motions, briefs, evidence, relevant law, and otherwise being fully advised, rules as described herein.

    **I.**    **BACKGROUND**

On January 29, 2019, a federal grand jury returned a Superseding Indictment charging Defendant with two counts: aggravated sexual abuse of a minor in violation of 18 U.S.C. §§ 1153, 2241(c), 2246(2)(C), and 3559(e) (Count 1) and aggravated sexual abuse of a minor in violation of 18 U.S.C. §§ 1153, 2241(c), 2246(2)(D), and 3559(e) (Count 2). Count 1 charges Defendant

with unlawfully and knowingly engaging in and attempting to engage in a sexual act with Jane Doe, a child who was between 12 and 16 years of age, "by using force, and the sexual act consisted of penetration, however slight, of the genital opening of Jane Doe by a hand or finger of the defendant, with an intent to abuse, humiliate, harass, degrade, arouse and gratify the sexual desire of any person, and the defendant has a prior sex conviction in which a minor was the victim." Superseding Indictment 1, ECF No. 99. In Court 2, the Government alleges Defendant "unlawfully and knowingly engaged in and attempted to engage in a sexual act with Jane Doe, a child who had attained the age of twelve, but had not attained the age of 16, by using force, and the sexual act consisted of the intentional touching, not through the clothing, of the genitalia of Jane Doe by the defendant, with an intent to abuse, humiliate, harass, degrade, arouse and gratify the sexual desire of any person, and the defendant has a prior sex conviction in which a minor was the victim." *Id.* at 1-2, ECF No. 99.

II. **LAW**

Federal Rule of Evidence 401 states that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. A court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice or confusion of the issues. Fed. R. Evid. 403. Rule 404(b) prohibits the admission of evidence of crimes, wrongs, or other acts to prove a person's character to show action that conforms to that character, but it allows evidence of other bad acts if admissible for other purposes, such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b).

III. **ANALYSIS**

### A. United States' Omnibus Motion in Limine (ECF No. 82)

The Government requests an order excluding the following categories of evidence at trial: allegations of Government misconduct or constitutional violations; the contents of rulings or pretrial motions filed by the parties; plea negotiations; offers to stipulate; information known only to Defendant which could only be admitted through his sworn testimony; administrative disciplinary findings to impeach a witness; defense exhibits that have not been previously disclosed to Government counsel; and evidence of Defendant's health. Gov.' Mot. 1-3, ECF No. 82. In response, Defendant concurs with the Government's request to preclude evidence of pre-trial rulings, plea negotiations, and defense exhibits. *See* Def.'s Resp. 2-3, ECF No. 91. Defendant opposes the wholesale exclusion of the other categories of evidence. *See id.*

As for allegations of Government misconduct, Defendant states he does not intend to present any evidence regarding the Court's finding that Special Agent Jennifer Sullivan violated his constitutional right to remain silent after invoking his *Miranda* rights. *Id.* at 1. Similarly, he is unaware of evidence of administrative disciplinary findings against any Government witnesses. *Id.* Defendant requests the Court deny the request to exclude evidence of governmental misconduct and administrative disciplinary findings, because should he become aware of such evidence, he should have an opportunity to show its relevance. The Court will deny as moot and/or as unripe the request to exclude evidence of governmental misconduct and administrative discipline. Should any party intend to present such evidence, the party should bring it to the Court's attention prior to introducing it at trial.

Defendant objects to the request to exclude generally offers to stipulate, noting that he has offered to stipulate to federal jurisdiction, i.e., that he is an Indian and that the location described by the complaining witness is in Indian Country, but the parties have not yet reached an agreement

on the language of the stipulation. *See id.* at 2. In a separate brief, however, Defendant indicated that he will not stipulate to jurisdiction. *See* Def.'s Resp. to Mot. for Pre-trial Determination of Indian Country Land Status 2, ECF No. 100. The Court will deny as moot and/or as unripe the request to exclude evidence of stipulations. Should any party intend to present such evidence, the party should bring it to the Court's attention prior to introducing it at trial.

With respect to information known only to Defendant, Defendant asserts he should be permitted to cross-examine the government's witnesses, that information can have sources through defense investigation, and that he intends to follow the rules of evidence at trial. The Court will deny the request to categorically exclude information known only to Defendant as unripe. The Court can take up objections to specific questions or evidence at trial.

Finally, Defendant objects to the exclusion of evidence of his mental or physical health should it become relevant to the issue in the case. The Court will deny the request to categorically exclude information of Defendant's health as unripe. The Court can take up objections to specific questions or evidence at trial.

### B. United States' Motion for *Lafler-Frye* Hearing (ECF No. 84)

The Government asks the Court to inquire prior to trial whether defense counsel communicated its plea offers to Defendant under *Missouri v. Frye*, 566 U.S. 134 (2012), and *Lafler v. Cooper*, 566 U.S. 156 (2012). It points out that at the December 3, 2018 plea hearing, Defendant rejected the Government's plea agreement. The Government wishes to make a record to preclude a future ineffective assistance of counsel claim under 28 U.S.C. § 2255 by ensuring that defense counsel effectively conveyed the United States' plea offer to him.

Defendant opposes the motion, stating that while preventing a § 2255 claim may be a "laudable goal," it cannot be achieved under *Lafler* without disclosing privileged attorney-client

4

communications. Def.'s Resp. 1, ECF No. 96. Defendant asserts that the *Lafler* decision centered around ineffective assistance of counsel stemming from the attorney's failure to accurately inform his client about the law; and thus, according to Defendant, to find out if such a failure occurred, the Court would have to get into attorney-client discussions. *See id.* at 2.

Under *Frye*, "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." 566 U.S. at 145. This Court has conducted numerous *Lafler/Frye* inquiries in which it limited the questions to whether defense counsel communicated the Government's offer(s) to the defendant. The Court will not inquire into the substance of attorney-client discussions and will carefully caution Defendant when answering questions not to offer any such information to the Court. The Court will therefore grant the United States' motion and conduct the *Lafler-Frye* inquiry on the morning of the first day of trial prior to *voir dire*.

### C. Defendant's Omnibus Motions in Limine (ECF No. 85)

Defendant seeks to exclude numerous categories of evidence. The Government does not object to excluding the following: (i) excluding trial witnesses from the court room prior to their testimony, except for BIA Special Agent James Jojola; (ii) identification of the prosecution as representing "the people"; (iii) using the term "victim"; (iv) evidence of child molestation, sexual assault, or prior bad acts not expressly ruled admissible by the Court; (v) hearsay statements of Jane Doe and other witnesses, unless they become admissible as prior consistent statements for a witness impeached by defense counsel or may be used to refresh recollection; (vi) testimony or argument presenting sexual abuse as a problem in the community or on reservations generally; and (vii) use of Mr. Coriz's statements to Special Agent Jennifer Sullivan. The Court will therefore grant Defendant's motion regarding the exclusion of the agreed upon categories of evidence.

The United States submits that the prior interviews of Jane Doe may be introduced as a prior consistent statement to rebut fabrication and may be used to refresh the memory of the witness. The Court will reserve ruling on the use of the interviews for those purposes at trial should they become issues. Similarly, the Court will reserve ruling on the admissibility of any hearsay statement of other witnesses on grounds of prior consistent statements for a witness impeached by defense counsel.

The Government opposes precluding it from referring to the charged conduct by name: "aggravated sexual abuse." Defendant argues that naming the charge "aggravated" connotes the degree of punishment that could be imposed. Section 2241 of Title 18 of the United States Code is called "Aggravated sexual abuse." The Court finds that there is nothing unduly prejudicial about referring to the charged crime by the name Congress gave the crime. The jury will be given a description of the offenses as charged in the Superseding Indictment, and they will be instructed on the elements of the charged crimes. The term "aggravated" does not connote a degree of punishment rather than the nature of the charged crime, and the jury will be instructed not to consider punishment during its deliberations. The Court will therefore deny Defendant's request to preclude the use of the term "aggravated sexual abuse" because it is more probative than prejudicial.

### D. Defendant's Motion in Limine to Prohibit Impeachment by Evidence of Criminal Conviction under Rule 609 (ECF No. 86)

In 1991, Mr. Coriz pled guilty to one count of abusive sexual abuse of a minor and was sentenced to 33 months, and a two-year term of supervised release. Defendant seeks to prohibit the use of his prior criminal conviction as impeachment evidence at trial should he choose to testify because substantially more than 10 years have passed since Mr. Coriz's release from confinement and the Government has not provided notice of its intent to use the prior conviction.

The United States opposes the motion. Gov.'s Resp., ECF No. 109. On January 28, 2019, the United States filed a Notice of Intent to Introduce Rule 609 Evidence, specifically Defendant's "Conviction for Abusive Sexual Contact, 18 U.S.C. 1153, 2244(a)(1), 2245(3) as charged by an information filed October 11, 1991 in case number 91-401 SC in the United States District Court for the District of New Mexico." Notice, ECF No. 93. The Government argues that the probative value of Defendant's 1991 conviction is high because the crime in that case – sexual abuse of his three-year-old niece – is similar in nature to this case, and Defendant, if he testifies, will likely say the victim is lying about the allegations here. The Government seeks to introduce the testimony of Defendant's niece as a Rule 414/404(b) witness. The United States additionally argues that it must prove Defendant has a prior sex offense against a minor under 18 U.S.C. § 3559(e).

"[I]f more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," the evidence of conviction is only admissible if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect" and the proponent gives written notice of an intent to use the evidence. Fed. R. Evid. 609(b). The Court in a separate Sealed Memorandum Opinion and Order ruled that the prior conviction is admissible under Rule 413. For the reasons stated therein, the Court finds that the probative value of the evidence substantially outweighs its prejudicial effect, and the United States may use the evidence of conviction for purposes of impeachment as well. The Court will therefore deny Defendant's motion to prohibit impeachment by evidence of his 1991 criminal conviction.

### E. Defendant's Motion *in Limine* to Exclude 404(b) Prior Bad Acts Evidence and Demand for Notice of Intent under 404(b)(2) (ECF No. 87)

Defendant seeks to exclude all prior bad acts evidence under Rule 404(b), and specifically (1) that he has a history or reputation of behaving inappropriately with and/or sexually abusing animals, (2) he has taken and stored photographs of women's buttocks on his cell phone, and (3)

he frequently was seen walking around the house at night in some type of suspicious manner. Following Defendant filing this motion, the Government filed its Opposed Motion *in Limine* to Admit Evidence pursuant to Rules 413, 414, and 404(b) (ECF No. 95). The Government incorporated by reference the arguments it made in those briefs. The Government does not seek the admission of testimony regarding Defendant's behavior regarding animals. Gov.'s Resp. 1, ECF No. 110. The Court will therefore exclude reference to such testimony. The Government, however, seeks to admit Defendant's taking photographs of women's buttocks to show absence of mistake, lack of accident, and motive. *Id.* at 1-2. Additionally, the Government seeks to introduce testimony that Defendant walks around the home at night to show opportunity, preparation, and planning, as well as to impeach Defendant's credibility. *Id.* at 2. In a Sealed Memorandum Opinion and Order, this Court ruled that it would not admit evidence of Defendant taking photographs of women's buttocks, with one exception in which the Court reserved ruling on testimony regarding photographing a minor. The Court also ruled that it would permit testimony that Defendant was observed walking around the house at night because it is relevant to Defendant's opportunity, preparation, and plan, and is not unfairly prejudicial.

### F. Opposed United States' Motion *in Limine* to Prohibit Discussion of Sentencing or Punishment at Trial (ECF No. 92)

The Government seeks to exclude evidence or argument that Defendant, if convicted, faces life imprisonment and registration as a sex offender or that the United States is seeking to take his "liberty" away. Defendant does not oppose the Government's motion at this time and would bring to the attention to the Court any reason it might become relevant. Def.'s Resp. 1, ECF No. 97. The Court will therefore grant the United States' motion to exclude evidence of sentencing or punishment at trial. *See* Tenth Circuit Criminal Pattern Jury Instruction 1.20 ("If you find the defendant guilty, it will be my duty to decide what the punishment will be. You should not discuss

or consider the possible punishment in any way while deciding your verdict.").

**IT IS THEREFORE ORDERED** that

1. The United States' Omnibus Motion in Limine (**ECF No. 82**) is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. The Court **GRANTS** the request to exclude evidence of pre-trial rulings, plea negotiations, and exhibits that have not been previously disclosed to the opposing party.

    b. The Court **DENIES** as moot or as unripe the request to exclude generally the other categories of evidence. The parties can raise objections to specific evidence that fall within these categories at trial.

2. The United States' Motion for a *Lafler-Frye* Hearing (**ECF No. 84**) is **GRANTED** and will be conducted the morning of the first day of trial.

3. Defendant's Omnibus Motions in Limine (**ECF No. 85**) is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. Defendant's request to preclude reference to "aggravated sexual abuse" is **DENIED**.

    b. The Court **RESERVES RULING** on whether certain hearsay statements may be admissible as prior consistent statements to rebut fabrication or may be used to refresh the memory of the witness.

    c. Defendant's motion is otherwise **GRANTED**.

4. Defendant's Motion *in Limine* to Prohibit Impeachment by Evidence of Criminal Conviction under Rule 609 (**ECF No. 86**) is **DENIED**.

5. Defendant's Motion *in Limine* to Exclude 404(b) Prior Bad Acts Evidence and Demand

for Notice of Intent under 404(b)(2) (**ECF No. 87**) is **GRANTED IN PART AND DENIED IN PART** as follows:

   a. Defendant's request to exclude testimony regarding Defendant's behavior regarding animals and his taking photographs of women's buttocks is **GRANTED**, but the Court **RESERVES RULING** regarding his taking of photographs of a minor.

   b. Defendant's request to exclude evidence he walked around the home at night is **DENIED**.

6. The United States' Motion *in Limine* to Prohibit Discussion of Sentencing or Punishment at Trial (**ECF No. 92**) is **GRANTED**.

                                                              **UNITED STATES DISTRICT JUDGE**